```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
DERRICK D. GILLIAM,                :
                                   :
         Plaintiff,                :    Civ. No. 23-2748 (NLH)(AMD)
                                   :
    v.                             :    MEMORANDUM OPINION & ORDER
                                   :
                                   :
BRYANT FLOWERS, et al.,            :
                                   :
         Defendants.               :
_____:

APPEARANCES:

Derrick D. Gilliam
288759
Atlantic County Justice Facility
5060 Atlantic Ave.
Mays Landing, NJ 08330

    *Plaintiff Pro se*

HILLMAN, District Judge

    WHEREAS, Derrick D. Gilliam, a pre-trial detainee presently incarcerated in Atlantic County Justice Facility, New Jersey, submitted a complaint under 42 U.S.C. § 1983, ECF No. 1; and

    WHEREAS, the Court administratively terminated the complaint because Plaintiff's in forma pauperis ("IFP") application was incomplete under 28 U.S.C. § 1915 "because [Plaintiff] did not submit a certified copy of his inmate trust fund account statement(s) for the entire six-month period immediately preceding the filing of his complaint." ECF No. 3 at 4 (citing 28 U.S.C. § 1915(a)(2)); and

WHEREAS, Plaintiff subsequently filed a motion for reconsideration of that order and a motion for judicial notice of the grand jury proceedings in his state criminal proceedings, ECF Nos. 6 & 7; and

WHEREAS, "[m]otions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'"  Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council, 964 F.3d 218, 230 (3d Cir. 2020) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); and

WHEREAS, Plaintiff argues the Court should not have denied his IFP application because he is indigent and cannot pay the filing fee.  ECF No. 6 at 1.  He states he "had only $122.96 on his federal account Balance when he left federal prison.  That same balance was sent to the Atlantic County Justice Facility where that facility to [sic] half of that funds for their fees."  Id. at 1-2.  He claims to be "unable to obtain his account

2

history from federal prison because he is no longer a federal inmate and is in state custody." Id. at 2; and

WHEREAS, upon further review, the complaint raises claims related to another civil rights action currently pending before the Court, Gilliam v. Cavallaro, Civil Action No. 21-16844; and

WHEREAS, both complaints raise prosecutorial misconduct claims, among others, in connection with criminal charges filed against Plaintiff in 2013 and 2021.  There is a motion to stay or, in the alternative, to dismiss the complaint pending before the Court in Civil Action No. 21-16844 (ECF No. 34); and

WHEREAS, "[i]f actions before the court involve a common question of law or fact, the court may consolidate the actions." Fed. R. Civ. P. 42(a)(2).  The Court will grant the motion for reconsideration to give Plaintiff an opportunity to inform the Court how he would like to proceed; and

WHEREAS, Plaintiff may choose to have the Court file the complaint and supporting documents from this action in Civil Action No. 21-16844.  In that case, the documents would be filed in Civil Action No. 21-16844 as either a motion to amend under Federal Rule of Civil Procedure 15(a)(2) if it alleges matters within the time frame of the original complaint or, in the alternative, a motion to file a supplemental pleading if it alleges matters after the date of the original pleading.  If Plaintiff elects to proceed in that manner, the Court would

3

direct the Clerk to close this matter, Civil Action No. 23-2748. Plaintiff would not have to pay a separate filing fee or amend his IFP application; and

WHEREAS, alternatively, Plaintiff may choose to continue to have this matter continue as a separate action. In that case, Plaintiff must either pay the $350 filing and $52 administrative fees or submit a certified account statement that covers the period between December 15, 2022 and April 24, 2023 as the Court directed in its prior Order, ECF No. 4. The complaint would then be subject to this Court's screening and possible dismissal under 28 U.S.C. §§ 1915, 1915A. If Plaintiff is unable to provide an account statement from the previous institution because the institution refuses to provide it, Plaintiff must identity the prison official refusing to provide the statement;

THEREFORE, IT IS on this  28th   day of   July  , 2023

ORDERED that the motion for reconsideration, ECF No. 6, shall be, and the same hereby is, GRANTED for the limited purpose of allowing Plaintiff to inform the Court how he would like to proceed; and it is further

ORDERED that within 30 days of this Order, Plaintiff shall inform the Court whether he would like to keep this action as a separate civil rights complaint or whether he would like to have the Court consolidate it with Civil Action No. 21-16844 by filing his new complaint as either a motion to amend or

4

supplement as provided in Rule 15 of the Federal Rules of Civil Procedure; and it is finally

ORDERED that the Clerk shall send a copy of this Order to Plaintiff by regular mail.

```
                                    s/ Noel L.Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.
```